# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Lydia Mantyka and Amanda Kannigiser, ) ) ) Plaintiffs, ) v. ) ) ) Resurgens, P.C., ) d/b/a Resurgens Orthopaedics, ) ) Defendant. ) _____ ) | Civil Action No. 1:11-cv-03241-RLV JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

COME NOW Plaintiffs, Lydia Mantyka ("Plaintiff Mantyka") and Amanda Kannigiser ("Plaintiff Kannigiser") (collectively, "Plaintiffs"), by and through undersigned counsel, and file this Amended Complaint against Defendant Resurgens, P.C. ("Resurgens"), and show the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiffs Mantyka and Kannigiser bring this action under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq.

2.

Plaintiffs invoke the jurisdiction of this court pursuant to 28 U.S.C. § 1331, in that this action arises under the laws of the United States.

3.

Venue is proper in this Court under 28 U.S.C. § 1391, because Defendant transacts business in this District and a substantial part of the wrongful acts alleged in this Amended Complaint took place in this District.

**PARTIES**

4.

Plaintiffs are citizens of the United States of America and residents of the State of Georgia, and are subject to the jurisdiction of this Court.

5.

Defendant Resurgens is a for-profit business entity registered in Georgia that engages in the business of providing orthopedic, diagnostic, and rehabilitation services to patients at more than two dozen locations in the greater Atlanta area, and employs a number of orthopedic physicians as well as technical personnel holding various designations.

6.

Defendant's Registered Agent is Dr. Wertheim, located at 2550 Windy Hill Road, Suite 317, Marietta, Georgia 30067.

7.

Defendant Resurgens, at all relevant times hereto, has employed more than the requisite number of persons for the requisite duration under the FMLA to be considered a "covered employer" as defined by the FMLA, 29 U.S.C. § 2601 et seq.

8.

At all times relevant to this Amended Complaint, both Plaintiff Mantyka and Plaintiff Kannigiser were employees of Defendant Resurgens subject to the protections of the FMLA.

**FACTUAL ALLEGATIONS**

9.

Plaintiff Mantyka began working for Defendant Resurgens in about May 2001 as an X-Ray Technician. After being promoted to MRI Technologist and then MRI Technologist Supervisor, she became Magnetic Resonance Imaging (MRI) Technologist Manager around August 2007.

10.

As MRI Manager, Plaintiff Mantyka supervised eight Resurgens facilities that contained an MRI machine, in addition to the MRI Technologists and the front-desk staff at these facilities. Plaintiff Mantyka's direct supervisor was Joanne Hart ("Hart"), Director of Imaging.

11.

One of Plaintiff Mantyka's duties as MRI Manager was to oversee and administer tests required by the Occupational Health and Safety Administration ("OSHA").

12.

Around the fall of 2008, Plaintiff Mantyka asked Hart for permission to take FMLA leave to have surgery. Hart directed Plaintiff Mantyka to put off the surgery, and Plaintiff Mantyka agreed to postpone the surgery until a later date.

13.

In around April 2009, Plaintiff Mantyka underwent surgery for a serious health condition that required an extended FMLA-eligible medical leave.

14.

Despite the recommendation from Plaintiff Mantyka's treating physician that she be absent from work for eight weeks, Hart informed Plaintiff Mantyka that

she expected Plaintiff Mantyka to return to work in five weeks.

15.

Because of pressure from Hart, Plaintiff Mantyka began working from home during her medical leave. Hart was not satisfied with Mantyka's working from home and stated that she wanted Mantyka to work in the office before Mantyka was medically released to return to work.

16.

In August 2009, Plaintiff Mantyka suffered an injury that again required her to undergo surgery that would require FMLA-eligible leave.

17.

At the time Plaintiff Mantyka was injured in August 2009, she was entitled to six weeks of additional FMLA leave.

18.

In August 2009, Plaintiff Mantyka reported to Hart that she would need to take additional FMLA leave to undergo and recover from surgery. Hart was not pleased and asked Plaintiff Mantyka to postpone her second surgery.

19.

On or about September 25, 2009, Defendant terminated Plaintiff Mantyka's employment. Hart told Plaintiff Mantyka that she was being fired because she had

cheated on her OSHA test.

20.

After Defendant terminated Plaintiff Mantyka's employment, Hart told several employees, including Plaintiff Kannigiser, that the real reason for Plaintiff Mantyka's termination was that Dr. Wertheim could not hold Plaintiff Mantyka's position for an additional six weeks for her second surgery.

21.

Plaintiff Mantyka did not ever complete anyone else's OSHA test.

22.

Plaintiff Mantyka did not ever ask or permit anyone else to complete an OSHA test for her.

23.

However, without Plaintiff Mantyka's knowledge or authorization, Jessica Hutson, Scheduling Supervisor ("Hutson") completed OSHA testing for one or more of her subordinates. Hutson's employment was not terminated for this offense.

24.

Plaintiff Kannigiser began working at Defendant Resurgens on or about October 29, 2007 as an MRI Scheduler and began working in Resurgens'

Precertification Department around January 2009.

25.

For the majority of Plaintiff Kannigiser's employment at Defendant Resurgens, Plaintiff Kannigiser's direct supervisor was Hutson.

26.

Hutson was responsible for training Resurgens employees in all departments, and Hutson, Tiffanie Pratter, and Lisa Bevens trained Plaintiff Kannigiser specifically as to how to perform her duties in the Precertification Department.

27.

On or about November 17, 2009, Dr. Wertheim received a letter from the law firm of Barrett & Farahany, LLP, dated November 16, 2009, stating that Barrett & Farahany, LLP represented Plaintiff Mantyka and noting that Plaintiff Kannigiser had heard Hart state that Resurgens would not let Plaintiff Mantyka take off six weeks for a second surgery, which the letter stated violated both the FMLA and HIPAA.

28.

On November 18, 2009, Plaintiff Kannigiser received a written warning for not clocking out correctly on November 10, 2009. Plaintiff Kannigiser explained to

Hart that she did not clock out for lunch that day because she had worked through lunch. Resurgens management had previously informed Plaintiff Kannigiser and other employees verbally that they could work during lunch to make up time if they were late and/or behind in their work.

29.

On November 19, 2009, Hart informed Plaintiff Kannigiser that her employment was terminated for insubordination, code of conduct violations, and disrespect towards management. When Plaintiff Kannigiser protested that her discharge was not right or fair, Hart told Plaintiff Kannigiser that she (Plaintiff Kannigiser) was not Resurgens material.

## **COUNT ONE**
## **VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**
## **(FMLA INTERFERENCE AND RETALIATION)**

30.

At the time in 2009 that Plaintiff Mantyka took medical leave for surgery, Plaintiff Mantyka was qualified and eligible for a leave of absence for her own serious health condition and was an "eligible employee" under the FMLA and entitled to its protection.

31.

In taking medical leave for the serious health condition of surgery, Plaintiff Mantyka engaged in conduct protected under the FMLA, entitling her to all appropriate relief under that statute.

32.

Plaintiff Mantyka had been employed by Defendant for longer than 12 months prior to taking the 2009 medical leaves of absence and worked at least 1,250 hours of service for Defendant during the 12 months preceding her medical leave of absence.

33.

At the time Plaintiff Mantyka returned to work after taking medical leave in 2009, she was entitled under the FMLA to reinstatement to the same or a similar position.

34.

In requiring Plaintiff Mantyka to work from home prematurely during her first medical leave, pressuring Mantyka to return to work before she was medically released to do so, and terminating Mantyka's employment for exercising her right to take additional medical leave, Defendant interfered with Plaintiff Mantyka's rights protected under the FMLA in violation of the FMLA.

35.

In requiring Plaintiff Mantyka to work from home prematurely during her first medical leave, pressuring Mantyka to return to work before she was medically released to do so, and terminating Mantyka's employment for exercising her right to take additional medical leave, Defendant retaliated against Plaintiff Mantyka for the exercise of protected conduct under the FMLA in violation of the FMLA.

36.

In terminating Plaintiff Kannigiser's employment after she had been named as a witness to Defendant's alleged FMLA violation regarding Plaintiff Mantyka, Defendant retaliated against Plaintiff Kannigiser for the exercise of protected conduct under the FMLA in violation of the FMLA.

37.

As a result of Plaintiffs' unlawful termination, they have incurred damages including lost pay and nonpecuniary losses.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(a)     Grant Plaintiffs a **trial by jury** as to all Counts in the Complaint;

(b)     Enter judgment awarding Plaintiffs back wages, liquidated damages, and the costs of litigation including reasonable attorneys' fees,

reinstatement and/or front pay, and all other remedies allowed under the FMLA;

(c) Grant declaratory relief to the effect that Defendant has violated Plaintiffs' statutory rights; and

(d) Award Plaintiffs such further and additional relief as may be just and appropriate.

Respectfully submitted this the 1st day of November, 2011.

**BARRETT & FARAHANY, LLP**

/s/ Meredith J. Carter
Meredith J. Carter
Georgia Bar No. 325422
Benjamin F. Barrett
Georgia Bar No. 039586

Attorneys for Plaintiffs

1100 Peachtree Street, NE
Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
meredith@bf-llp.com
ben@bf-llp.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Lydia Mantyka ) | |
| and Amanda Kannigiser, ) | Civil Action No. |
| ) | |
| Plaintiffs, ) | 1:11-cv-03241-RLV |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| Resurgens, P.C., ) | |
| d/b/a Resurgens Orthopaedics, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## CERTIFICATE OF FONT COMPLIANCE
## REQUIRED BY LOCAL RULE 7.1D AND SERVICE

In accordance with Local Rule 7.1D, I hereby certify that the Amended Complaint was prepared with one of the font and point selections approved by the Court in Local Rule 5.1B. Specifically, the pleading was prepared with Times New Roman, 14 point.

I further certify that I electronically filed the foregoing Amended Complaint with the Clerk of Court using the CM/ECF system, which will automatically send email or other notification of such filing to the following attorney of record:

> Jason D'Cruz
> rjd@mmmlaw.com

This the 1st day of November, 2011.

/s/ Meredith J. Carter
Meredith J. Carter
Georgia Bar No. 325422